**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MILDRED MILLAR,** : | **CIVIL ACTION NO. 1:04-CV-2529** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **WINDSOR TOWNSHIP, et al.,** : | |
| **Defendants** : | |

### **MEMORANDUM**

Presently before the court is a motion (Doc. 7), filed by defendants York Area Regional Police Commission ("Police Commission"), Police Chief Thomas C. Gross ("Gross"), and Officer Zech ("Zech"), to dismiss the claims of plaintiff, Mildred Millar ("Millar"). For the following reasons, the motion will be granted in part and denied in part.

**I.    Statement of Facts**[1]

At approximately 9:30 p.m. on November 30, 2002, the vehicle in which plaintiff Millar was a passenger stopped at a red traffic signal in York County, Pennsylvania. (Doc. 1 ¶¶ 13, 14). An unknown, off-duty police officer approached the vehicle and, indicating that he had witnessed the vehicle swerving, directed the driver to pull into the parking lot of a nearby convenience store. (Doc. 1 ¶ 15). The

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in plaintiff's complaint. See FED. R. CIV. P. 12(b)(6); Empire Kosher Poultry, Inc. v. United Food & Comm'l Workers Health & Welfare Fund of N.E. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003). The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to reasonableness of the allegations of the complaint.

driver complied.  Shortly thereafter, defendant Zech and another uniformed police officer arrived at the scene.  (Doc. 1 ¶ 17).  The officers required the driver to undergo a field sobriety test.  They also requested identification from another passenger in the vehicle.  (Doc. 1 ¶¶ 18-19).  After checking the identification, Zech placed the passenger under arrest.[2]  (Doc. 1 ¶ 20).

Millar exited the vehicle "to see what was going on."  As she approached Zech, he purportedly "turned and with one hand forcefully pushed [Millar] in the chest knocking her to the ground."  (Doc. 1 ¶¶ 21-22).  As a result, Millar allegedly suffered knee injury, multiple contusions and herniated discs, as well as "severe mental and emotional distress."  (Doc. 1 ¶¶ 25, 27).  Her injuries purportedly required surgery and other medical procedures.  (Doc. 1 ¶ 27).

The instant action was commenced in November 2004.  The complaint sets forth claims under 42 U.S.C. § 1983 against Zech for excessive use of force in violation of the Fourth Amendment, and for the torts of assault and battery and intentional infliction of emotional distress.  The complaint also alleges that the Police Commission and Gross failed to train Zech on the appropriate use of force, that they "tolerated and ratified" officers' excessive use of force, and that Zech, Gross, and the Police Commission's conduct violated various provisions of the Pennsylvania Constitution.  (Doc. 1 ¶ 26, 34, 47, 48).  Defendants filed a motion to dismiss these claims, arguing that Gross and Zech are entitled to qualified

---

[2] It is not known what the passenger was arrested for or what charges, if any, were brought against her.

immunity, that the Police Commission is not an entity subject to suit, that relief cannot be granted on the state constitutional and tort claims, and that punitive damages are unwarranted. The motion is now ripe for disposition.

## II.   **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

#### A. Excessive Force and Failure to Train

Claims of excessive force fall under the Fourth Amendment to the Constitution. An excessive force claim requires the plaintiff to prove that officers used an "unreasonable" level of force in effecting a seizure. Graham v. Connor, 490 U.S. 386, 395 (1989); see also Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004) ("Use of excessive force by a law enforcement officer is considered a 'seizure' under the Fourth Amendment. . . ."). A supervisor or municipality may also be liable for its failure to train the offending officer adequately in the proper use of force. A failure to train claim requires proof of "deliberate indifference" to the risk of citizens' constitutional rights: a conscious policy choice by a municipality or supervisor to disregard probable violations of those rights by inadequately trained employees. City of Canton v. Harris, 489 U.S. 378, 388 (1989); Monnel v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).

The facts, as set forth in the complaint, reveal that Millar approached Zech—ostensibly to learn why her friend had been arrested—and was violently shoved by Zech to the ground. The complaint does not relay that Millar acted in

an unlawful manner or acted in a manner to warrant the application of any force. Further, the extent of Millar's injuries, which allegedly necessitated surgery, are arguably indicative of the severity of the force used by Zech and arguably demonstrate that it was excessive. Accordingly, Millar has alleged a *prima facie* claim of excessive force.

A similar conclusion must be reached regarding the failure to train claims against Gross. The complaint alleges that he was aware of and ignored other alleged incidents involving excessive use of force by Zech and other officers. (Doc. 1 ¶¶ 3, 34). This "repeated[] and knowing[]" failure to train the officers on, and to enforce compliance with, regulations and guidelines pertaining to the use of force purportedly created a "belief that [excessive force] would be condoned." (Doc. 1 ¶ 3). These allegations suffice to convey that defendants acted with "deliberate indifference" to the risk of Millar's constitutional rights.

Further, although Zech and Gross contend that they are entitled to qualified immunity, such immunity is only available where (1) the plaintiff has not demonstrated "a deprivation of an actual constitutional right," or (2) the right at issue was not "clearly established at the time of the alleged violation." Conn v. Gabbert, 526 U.S. 286, 290 (1999); accord Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004). As discussed above, the complaint sets forth constitutional claims for the excessive use of force and for the failure to train. These rights were "clearly established" at the time the incident at issue occurred, and as such qualified immunity cannot shield defendants at this stage of the proceeding.

### B.  Claims Against Police Commission

Defendant Police Commission contends that it is not a proper party to this suit, as municipalities and their police departments are viewed as a single entity for purposes of a § 1983 suit.  See Bonenberger v. Plymouth Township, 132 F.3d 20, 24 n.4 (3d Cir. 1997); Colburn v. Upper Darby Topwnship, 828 F.2d 663, 671 n.7 (3d Cir. 1988).  Plaintiff attempts to distinguish this case by arguing that the defendant *sub judice* has a separate corporate existence.  This argument is not convincing. Police departments serve only as an administrative arm for the municipality, and it is to the municipality that any liability must flow.[3]  Accordingly, defendants' motion to dismiss will be granted as to the claims against the Police Commission.

### C.  State Constitutional Claims

Defendants contend that there does not exist a statutory vehicle to address a violation of constitutional rights under the Pennsylvania Constitution. Pennsylvania courts are charged with interpreting the commonwealth's constitution, and thus play a decisive role in determining the relief afforded for violations of its provisions.  Federal courts adhere to such interpretations when addressing claims arising under the state constitution.  See Norman M. Morris Corp. v. Hess Bros., Inc., 243 F.2d 274, 279 (3d Cir. 1957) (stating that court of appeals is bound by Pennsylvania Supreme Court's interpretation of Pennsylvania

---

[3] See McMillian v. Monroe County, 520 U.S. 781, 784-95 (1997); Williams v. Fedor, 69 F. Supp. 2d 649, 658-60 (M.D. Pa. 1999); Open Inns, Ltd. v. Chester County Sheriff's Dep't, 24 F. Supp. 2d 410, 422 (E.D. Pa. 1998); see also Hernandez v. Borough of Palisades Park Police Dep't, 58 Fed. Appx. 909, 912 (3d Cir. 2003) ("[P]olice departments cannot be sued alongside municipalities because a police department is merely an administrative arm of the municipality itself.").

Constitution); Commonwealth v. Brown, 373 F.2d 771, 777 (3d Cir. 1967) (stating that state appellate court's interpretation of state statute is conclusive and binding on federal courts).

Unfortunately, there is a dearth of caselaw to guide the court towards a resolution of the issue *sub judice*. Although there are several Pennsylvania court decisions for the proposition that a plaintiff may obtain judicial relief for a public official's violations of the state constitution, the cases do not address whether a plaintiff may seek *money damages* for such violations.[4] With the exception of one relatively recent, non-reported court of common pleas opinion unearthed by the court—Jones v. City of Philadelphia, No. 01-3641 (Phila. Ct. Com. Pls. July 30,

---

[4] See Erdman v. Mitchell, 56 A. 327 (Pa. 1903) (stating that Article I, § 1 is self-executing in equity action); Hunter v. Port Auth., 419 A.2d 631 (Pa. Super. Ct. 1980) (plaintiff seeking injunctive relief for wrongful discharge); W. Pa. Socialist Workers 1982 Campaign v. Conn. Gen. Life Ins., 485 A.2d 1 (Pa. Super. Ct. 1984) (plaintiff seeking injunctive relief to allow political speech); Commonwealth v. Sell, 470 A.2d 457 (Pa. 1983) (holding that criminal defendant has standing to challenge fruit of illegal search); Commonwealth v. Edmunds, 586 A.2d 887 (Pa. 1991) (criminal defendant challenging good faith exception to exclusionary rule); Commonwealth v. White, 669 A.2d 896 (Pa. 1995) (criminal defendant challenging search). Although the facts in one *district* court case *appear* to allow a claim for damages under the state constitution, see Harley v. Schuylkill County, 476 F. Supp. 191 (E.D. Pa. 1979), the same court has recently dismissed claims for damages arising under the Pennsylvania Constitution, see Kelleher v. City of Reading, No. 01-CV-3386, 2001 WL 1132401, at *3 (E.D. Pa. Sept. 24, 2001) (dismissing claims against public officials as "the federal courts in this Circuit that have considered the issue have concluded that there is no such private cause of action for damages under the Pennsylvania Constitution"); see also Dooley v. City of Philadelphia, 153 F. Supp. 2d 628, 663 (E.D. Pa. 2001).

2004)—Pennsylvania courts have yet to address the issue pending before the court.[5]

The court believes that deference to the state appellate courts is appropriate and, accordingly, it will decline to exercise jurisdiction over plaintiff's state constitutional claims. See 28 U.S.C. § 1367(c)(1) (stating that a court may decline jurisdiction if "the claim raises a novel or complex issue of State law"); Mulgrew v. Fumo, No. 03-CV-5039, at *2 (E.D. Pa. July 29, 2004) ("Due to this unsettled issue of law, as to whether such a direct right of action exists [for money damages for violations of the state constitution], we believe a state court is better equipped to determine the causes of action that may be derived from the Pennsylvania Constitution."); see also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 487 (3d Cir. 1998) (affirming court's refusal to extend jurisdiction

---

[5] See Robbins v. Cumberland County Children & Youth Servs., 802 A.2d 1239, 1251 (Pa. Commw. Ct. 2002) ("Neither party has briefed the difficult issue of whether there exists a direct right of action for money damages against government officials for violations of the Pennsylvania Constitution, and our research has not uncovered any case where such a cause of action was recognized."); see also Douris v. Schweiker, 229 F. Supp. 2d 391, 405 (E.D. Pa. 2002) (dismissing claims against county officials because "the Supreme Court of Pennsylvania has not ruled on the issue of whether there is a private cause of action for damages under the state constitution"); Kelleher, 2001 WL 1132401, at * 3 (dismissing claims against public officials as "the federal courts in this Circuit that have considered the issue have concluded that there is no such private cause of action for damages under the Pennsylvania Constitution"); Lees v. W. Greene Sch. Dist., 632 F. Supp. 1327, 1335 (W.D. Pa. 1986) ("We have found no Pennsylvania case law or statute which implies a private right of action under the state Constitution."). In fact, whether a cause of action for money damages arises under the state constitution is an issue currently pending before the Commonwealth Court of Pennsylvania. See City of Philadelphia v. Jones, No. 795 CD 2004 (Pa. Commw. Ct. May 26, 2004). Argument was heard by the court *en banc* on June 8, 2005.

over state law issue that would require the court to interpret state's constitution, as deferral of matter was "out of respect for the right of a state court system to construe that state's own constitution") (citing Doe v. Sundquist, 106 F.3d 702, 708 (6th Cir. 1997)).

### D.     **Intentional Infliction of Emotional Distress**

Defendants contend that plaintiff has failed to set forth sufficient facts to support a claim of intentional infliction of emotional distress.  The court disagrees.

A successful claim of intentional infliction of emotional distress must demonstrate: (1) the conduct complained of was extreme and outrageous, (2) the conduct was intended, (3) the conduct caused emotional distress, and (4) the distress was severe.  See Williams v. Guzzardi, 875 F.2d 46, 52 (3d Cir. 1989); Silver v. Mendel, 894 F.2d 598, 606 n.16 (3d Cir. 1990).

As discussed *supra*, the complaint avers that Zech, for no apparent reason, pushed Millar with such force that she sustained severe emotional distress and physical injuries that required medical attention.  A reasonable jury could arguably find the conduct as alleged "extreme and outrageous."  As such, the complaint states a valid claim as against defendant Zech.

However, as recognized by plaintiff in her responsive brief (see Doc. 15 at 19), the complaint does not set forth facts sufficient to impute the same claim upon defendant Gross.  As such, the motion to dismiss this claim will be granted as to defendant Gross.

### E.    **Punitive Damages**

Defendant contends that the complaint does not set forth facts sufficient to justify punitive damages.  An award of punitive damages is generally not available against a municipal defendant.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267-68 (1981); see also Gares v. Willingboro Township, 90 F.3d 720, 729 n.7 (3d Cir. 1996); Keenan v. City of Philadelphia, 983 F.2d 459, 477-84 (3d Cir. 1992) (Higginbotham, J., dissenting).  However, such an award is available against an individual defendant where it is established that he or she acted intentionally or with "reckless or callous disregard" for a plaintiff's rights.  Smith v. Wade, 461 U.S. 30, 51 (1983); see also Tobin v. Badamo, No. 00-CV-0783, 2000 WL 1880262, at *5 (M.D. Pa. Dec. 20, 2000).  As discussed above, the complaint sets forth facts sufficient to indicate that Zech and/or Gross acted recklessly or with callous disregard.  As such, punitive damages could be appropriately assessed against these defendants.

## IV.   **Conclusion**

Because it is unsettled whether a cause of action for money damages exists for violations of the Pennsylvania constitution, plaintiff's state constitution claims will be dismissed.  Similarly, because the York Regional Police Commission is not a an entity separate from the municipality for purposes of litigation under 42 U.S.C. § 1983, plaintiff's claims against that defendant will also be dismissed.  Finally, as admitted by plaintiff, the complaint fails to set forth sufficient facts for a claim against Thomas C. Gross for intentional infliction of emotional distress, and hence that claim will also be dismissed.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     June 24, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MILDRED MILLAR,** : | **CIVIL ACTION NO. 1:04-CV-2529** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| **v.** : | |
| : | |
| **WINDSOR TOWNSHIP, et al.,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 24th day of June, 2005, upon consideration of defendants' motion to dismiss (Doc. 7), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 7) is GRANTED to the extent that all state constitutional claims, the claims against defendant York Area Regional Police Commission, and the intentional infliction of emotional distress claim as against defendant Thomas C. Gross are DISMISSED.  See 28 U.S.C. § 1367(c)(1); Bonenberger v. Plymouth Township, 132 F.3d 20, 24 n.4 (3d Cir. 1997).

2. The motion (Doc. 7) is otherwise DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge